UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ARMBRUSTER ENERGY ENTERPRISES, LLC ) ) ) | CASE NO. 1:05 CV 1748 |
| Plaintiff, ) ) | JUDGE DAN AARON POLSTER |
| v. ) ) | **MEMORANDUM OF OPINION** |
| FIFTH THIRD BANK, ) ) | **and ORDER OF TRANSFER** |
| Defendant. ) | |

On July 11, 2005, Defendant Fifth Third Bank removed the above-captioned case from the Cuyahoga County Court of Common Pleas pursuant to 28 U.S.C. § 1334 and § 1452(a). *ECF No. 1, Notice of Removal,* at 2.

On June 6, 2005, Plaintiff/Debtor Armbruster Energy Enterprises, LLC filed suit against Defendant/Creditor Fifth Third Bank in state court, arguing that Defendant breached its fiduciary duties to Plaintiff by making false representations and failing to disclose material facts relating to Plaintiff's loan application. *ECF No. 1, Exh. C.* Defendant is a creditor in Plaintiff's bankruptcy case which is pending before Judge Arthur Harris in U.S. Bankruptcy Court for the Northern District of Ohio. *Notice of Removal,* at 1; *ECF No. 1, Exh. A,* at 2.

Pursuant to 28 U.S.C. § 157(a), a district court may refer by order "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 . . . to the bankruptcy judges for the district." *In re Bruno's, Inc.,* 227 B.R. 311, 320 (Bankr. N.D. Ala. 1998). The Northern District of Ohio issued an order on July 16, 1984, stating that all

cases and proceedings described in § 157(a) shall be referred to the Bankruptcy Judges for the Northern District of Ohio. *See General Order No. 84, Attach. 1.*

A civil proceeding is "related to" a case under Title 11 "where the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579, 583 (6th Cir. 1990) (citation omitted and emphasis removed).

> [T]he proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Id.* (citation omitted). In the instant action, Plaintiff/Debtor seeks declaratory and monetary relief against Defendant/Creditor on the grounds that Defendant made misrepresentations and failed to disclose material information regarding the loan application process. This action qualifies as a proceeding "related to" Plaintiff's pending bankruptcy case under the broad standard set forth in *Robinson*. Because the notice of removal should have been filed with the bankruptcy court and not with this Court, *see In re Commercial Oil Service, Inc.*, 58 B.R. 311, 314 (Bankr. N.D. Ohio 1986), this case is hereby referred to U.S. Bankruptcy Court for the Northern District of Ohio pursuant to General Order No. 84.

IT IS SO ORDERED.

/s/ Dan Aaron Polster
Dan Aaron Polster
United States District Judge

# ATTACHMENT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

IN THE MATTER OF: :

THE BANKRUPTCY AMENDMENTS :
AND FEDERAL JUDGESHIP ACT :
OF 1984 :   GENERAL ORDER NO. 84

The President has signed into law the Bankruptcy Amendments and Federal Judgeship Act of 1984. Section 157(a), Chapter 6 of Title 28, United States Code, provides that "any and all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 shall be referred to the Bankruptcy Judges for the District".

Accordingly, until further order of the Court, and notwithstanding questions of the constitutionality of the appointment of Bankruptcy Judges and the payment of their salaries pursuant to the Act,

IT IS ORDERED that all such cases and proceedings now pending in the Bankruptcy Court or hereinafter filed are so referred to the Bankruptcy Judges pursuant to Section 157(a) of the Act, supra; and that the Bankruptcy Judges for this District are directed to accept the jurisdiction conferred upon them by the Bankruptcy Amendments and Federal Judgeship Act of 1984 and to function thereunder.

FOR THE COURT

Frank J. Battisti
Chief Judge